38638/01245/MHW/JFM

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERBERT DIGGS, | |
| Plaintiff, | Case Number 1:14 cv 03563 |
| v. | Judge John W. Darrah |
| PARTHASARATHI GHOSH, et al., | Magistrate Judge Daniel G. Martin |
| Defendants. | |

### DEFENDANTS', DR. GHOSH, DR. CARTER, AND DR. OBAISI'S, MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, PARTHASARATHI GHOSH, M.D., IMHOTEP CARTER, M.D., and SALEH OBAISI, M.D., by and through their attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for their Fed. R. Civ. P. 56 Motion for Summary Judgment, state as follows:

1. Plaintiff, HERBERT DIGGS, is an inmate at Stateville Correctional Center currently serving two counts for predatory criminal sexual assault with an anticipated discharge date of 2039. See Defendants' Dr. Ghosh, Dr. Carter, and Dr. Obaisi's 56.1 Statement of Undisputed Facts ("SOF") at ¶ 3. The Plaintiff filed a five-count complaint against three of his former doctors, Dr. Ghosh, Dr. Carter, and Dr. Obaisi (collectively, the "Doctors"), and a former warden claiming civil rights violations related to, *inter alia*, a failure to surgically reconstruct his chronic torn anterior cruciate ligament ("ACL"). (SOF at ¶ 10-14).

2. However, two independent orthopedic surgeons evaluated the Plaintiff and did not recommend ACL surgery; with the most recent September 2015 consultation finding that the Plaintiff "is not an ideal candidate for ACL reconstruction". (SOF at ¶¶ 75-76). This lawsuit is

merely an attempt by the incarcerated Plaintiff to dictate and demand specific medical treatment that is not medically indicated.

3. The Doctors have consented to this Court's jurisdiction and venue by admission in their Answers to the First Amended Complaint. (Docs. # 42, 43, 48 at ¶¶ 1-2). Accordingly, this Honorable Court may enter judgment as a matter of law.

4. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

5. The statute of limitations bars Plaintiff's claims against Dr. Ghosh and Dr. Carter. Claims for deliberate indifference made pursuant to 42 U.S.C. § 1983 are considered personal injury claims and are governed by Illinois' personal injury statute of limitations and tolling laws. See *Delgado-Brunent v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Claims for intentional infliction of emotional distress are also governed by Illinois' personal injury statute of limitations. *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 278, 798 N.E.2d 75, 85 (Ill. 2003). Illinois has a two-year statute of limitations for personal injury actions. 735 Ill. Comp. Stat. Ann. 5/13-202 (2008). A prisoner has, "two years from the date a state actor departs to pursue any legal claims that they may have." *Heard v. Elyea*, 525 Fed. Appx. 510, 512 (7th Cir. 2013).

6. Dr. Ghosh's last day as Stateville's Medical Director was March 31, 2011. (SOF at ¶ 4). Dr. Carter's last day as Stateville's Medical Director was May 13, 2012. (SOF at ¶ 5).

The Plaintiff filed his original complaint in this lawsuit on May 14, 2014 - more than two (2) years after Dr. Ghosh and Dr. Carter, respectively, departed from their positions as Medical Director. (Doc. # 1). Therefore, the statute of limitations bars the Plaintiff's deliberate indifference and intentional infliction of emotional distress claims against Dr. Carter and Dr. Ghosh.

7. The Plaintiff has not established the elements of a deliberate indifference claim against the Doctors. In order to prevail on a claim under § 1983, the Plaintiff must show that each Doctor acted with deliberate indifference to his serious medical need or condition. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The burden of proving deliberate indifference rests on the Plaintiff. *Id.* The Plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Unsuccessful medical treatment, neglect, nor medical malpractice is sufficient to support a claim for deliberate indifference. See *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

8. The Plaintiff has not shown that Dr. Carter possessed subjective knowledge of an excessive risk to the Plaintiff's health. Each defendant in a deliberate indifference claim must be subjectively aware of a serious medical need. *Estelle,* 429 U.S. at 107.

9. On March 23, 2012, Dr. Carter saw the Plaintiff for the only time during his tenure as Stateville's Medical Director. (SOF at ¶ 58). Dr. Carter reported that the Plaintiff gave no report of subjective complaints of knee pain, instability, or a need for surgery because Dr. Carter's custom and practice is that he would have noted such findings in the "subjective" portion of his medical record, and the absence of such notation informs the doctor that it was not

3

discussed. (SOF at ¶ 58). Accordingly, Dr. Carter lacked the required subjective notice. Therefore, the Plaintiff's deliberate indifference claim against Dr. Carter fails as a matter of law.

10. The Doctors did not display the required culpability to support a claim of deliberate indifference because their actions in treating the Plaintiff complied with all applicable community standards of medical care. The third element of a deliberate indifference claim is that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle,* 429 U.S. at 107. In order to infer the required culpability for a claim of deliberate indifference based on the care rendered by a medical professional, the medical professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). An inmate is not entitled to demand specific care, nor the best care possible, but rather, he is entitled to reasonable measures to meet a substantial risk of serious harm to him. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). A medical professional is "entitled to deference in treatment decisions unless no minimally competent medical professional would have so responded under these circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). Mere disagreement with a doctor's medical judgment does not amount to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

11. The undisputed testimony establishes that the standard of care in treating a chronic torn ACL is the entire range of treatment from conservative management of the injury with physical therapy, ice, and anti-inflammatory medications, all the way through surgery, if surgery is clinically indicated. (SOF at ¶ 35). Since 2006, the Plaintiff admitted that he has received plenty of pain medication. (SOF at ¶ 27). He received two rounds of physical therapy (SOF at ¶¶ 54-55, 71-72). In addition to physical therapy, he was given special exercises, called quadriceps exercises that he

could do in his cell. (SOF at ¶ 51). The Plaintiff received several medical permits to reduce his complaints of pain or instability in the knee including: low bunk, low gallery, medical restraints permit, state boots/special shoes, and waist chain; and received medical devices including crutches and an elastic knee sleeve designed to improve his subjective complaints of knee instability and reduce his complaints of pain. (SOF at ¶ 42, 45, 52, 59, 49, 44). The Doctors have rendered consistent treatment to the Plaintiff that all falls within the standard of care and recommendations of multiple medical professionals that treated the Plaintiff. Accordingly, the Plaintiff cannot succeed in his deliberate indifference claim against the Doctors. Therefore, Summary Judgment should be granted in favor of the Doctors.

12. The Doctors lack any personal involvement in any alleged delayed treatment. Liability under 42 U.S.C § 1983 requires direct and personal involvement in the situation that causes injury to an inmate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Here, all three Doctors testified, consistently, that in order to send an inmate for an off-site consultation of a non-emergent orthopedic injury, like the Plaintiff's injury, they must first secure approval from Wexford's Collegial Review process. (SOF at ¶ 20). All three Doctors testified, consistently, that once an inmate is approved for an outside orthopedic consultation, the Medical Director has no role in scheduling the appointment date at the outside facility. (SOF at ¶ 21). Similarly, internally at Stateville, unless a medical technician or nurse schedules an inmate on the Medical Director's daily schedule; he will not see the inmate. (SOF at ¶ 26). The Medical Director does not personally schedule inmates' medical appointments, internally or externally, and the Plaintiff cannot sue the Doctors for failing to do another employee's job. Therefore, this Court should grant summary judgment in favor of the Doctors.

13. Nor has the Plaintiff established a pattern of neglect by the Doctors. The Seventh Circuit requires that when assessing whether the Plaintiff has satisfied the extremely high burden of proving deliberate indifference, the totality of an inmate's medical care must be considered. See *Dunigan v. Winnebago County,* 165 F.3d 587, 591 (7th Cir. 1999). A plaintiff's "factual highlights" are not sufficient to deny summary judgment in the defense's favor. *Id.* A pattern of neglect must be evident in the record. See *Id.* As noted, *supra*, the Plaintiff secured significant treatment for his injury. Moreover, the medical records establish that each of the Doctors personally treated the Plaintiff for other medical conditions during this time unrelated to his ACL, of which the Plaintiff makes no complaints. (SOF at ¶ 56, 58, 73). When UIC stated that it would not perform surgery on this inmate, Dr. Obaisi followed up multiple times with Wexford and ensured that once a facility offered to accept inmates, that the Plaintiff was one of the first inmates to be seen at the facility. (SOF at ¶ 63, 74).

14. At best, Plaintiff's focus on scheduling delays or alleged ineffective medical treatment only constitutes a possible claim for medical malpractice against the Doctors. However medical malpractice does not establish deliberate indifference. See *Varnado,* 920 F.2d at 321. Accordingly, the Doctors did not display the required culpability to support the Plaintiff's claim of constitutional deliberate indifference. Therefore, this Court should grant summary judgment in favor of the Doctors.

15. Nor has the Plaintiff produced any expert or verifying medical testimony establishing his claims that the Doctors' inadequate or delayed medical treatment detrimentally caused him harm. Without medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of his medical treatment or delay in treatment is insufficient to raise a genuine issue of material fact. *Walker v. Zunker*, 30 Fed. Appx. 625, 628 (7th Cir. 1999);

*Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996). Notably, there is no testimony from any physician that any alleged scheduling delays or ineffective medical treatment proximately caused the Plaintiff's claimed damages or injuries. Accordingly, the Plaintiff cannot prove that any alleged delayed treatment or ineffective treatment proximately caused his damages. Therefore, this Court should grant summary judgment in favor of the Doctors.

16. The Plaintiff's claim for intentional infliction of emotional distress ("IIED") fails because the Doctors' conduct was neither extreme nor outrageous. The first element for an IIED claim is: (1) the conduct involved must be truly extreme and outrageous. *Feltmeir*, 207 Ill.2d at 269, 798 N.E.2d at 80. "Conduct is of an extreme and outrageous character where 'recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'". *Doe v. Calumet City*, 161 Ill.2d 374, 641 N.E.2d 498, 507 (Ill. 1994). Here, it is undisputed that all three Doctors treated the Plaintiff in *some* capacity and took *some* steps to alleviate the Plaintiff's pain and functional mobility ailments. (SOF at ¶ 27, 54-55, 51, 42, 45, 49). No average member of the community would read the Plaintiff's medical chart and exclaim, "Outrageous!" Therefore, this Court should grant summary judgment in the Doctors' favor on the Plaintiff's IIED claims.

17. Finally, the Plaintiff has not proven any set of facts that would entitle him to recover punitive damages. Punitive damages may be awarded under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011). A finding of deliberate indifference to a serious medical need, while establishing liability under § 1983, does not necessitate a finding of callous indifference warranting punitive damages. *Id.* at 924. All three Doctors testified, unequivocally,

that they never intended to cause the Plaintiff any harm and only desired the best possible medical outcome. (SOF at ¶¶ 32, 33, 38). The Doctors' conduct was not motivated any evil motive or intent. Therefore, even if this Court finds that there is a question of fact as to the Plaintiff's ability to prove his deliberate indifference claim, it should still find that the Plaintiff will be unable to recover punitive damages, and grant Summary Judgment to all three Doctors on this issue.

18. The undisputed material facts make it clear that the Plaintiff's deliberate indifference claim cannot succeed against the Doctors. At best, the Plaintiff has alleged a claim for medical negligence; however, medical negligence is not tantamount to deliberate indifference. Accordingly, the Doctors are entitled to judgment as a matter of law. Therefore, this Honorable Court should grant summary judgment in favor of the Doctors and against the Plaintiff.

19. In support of this Motion for Summary Judgment, the Doctors attach a Memorandum of Law and Local Rule 56.1 Statement of Facts filed concurrently with this Motion.

WHEREFORE, Defendants, PARTHASARATHI GHOSH, M.D., IMHOTEP CARTER, M.D., and SALEH OBAISI, M.D., pray that this Honorable Court enter an Order granting Summary Judgment in their favor, dismissing the case with prejudice against them, and for any other relief deemed just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ James F. Maruna
    One of the Attorneys for Defendants,
    PARTHASARATHI GHOSH, M.D.,
    IMHOTEP CARTER, M.D., and SALEH
    OBAISI, M.D.

Matthew H. Weller/ARDC No. 6278685
James F. Maruna /ARDC No. 6313433
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 30, 2015 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ James F. Maruna

8167296